

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-CR- 36 |
| v. ) | |
| ) | JUDGES Greer/Wyrick |
| WILLIAM E. McMANUS, JR., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the defendant, WILLIAM E. McMANUS, JR., and the defendant's attorney, Gene Scott, have agreed upon the following:

1. The defendant will plead guilty to the Information, which charges the defendant with corruptly soliciting a bribe in violation of 18 U.S.C. § 666(a)(1)(B). The punishment for violating 18 U.S.C. § 666(a)(1)(B) is imprisonment for up to ten (10) years; fine of up to $250,000; supervised release up to three years, any lawful restitution; and a $100 special assessment.

2. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is, in fact, guilty. In order to be guilty of corruptly soliciting a bribe as charged in the Information, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (a) defendant was an agent of an organization, a state, local, or tribal government, or an agency thereof; (b) the organization, state or local government, state or local government agency, or tribal government, received in any one-year period benefits in excess of $10,000; under a Federal

Defendant's initials: _W_

program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of Federal assistance; and (c) that the defendant corruptly solicited anything of value from any person with the intent to be influenced in connection with any business transaction of such organization, state, local, or tribal government, or any agency thereof; and; (d) that the business transaction involved anything of value of $5,000 or more.

3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a) At all relevant times, the defendant was employed as an Assistant District Attorney for the First Judicial District and prosecuted criminal matters pending in Washington County, Tennessee.

    b) At all relevant times, the District Attorney's Office received in excess of $10,000 per year in assistance from the Federal government in the form of grants.

    c) In or about December 2018, criminal charges were pending against J.J. in the Sessions Court for Washington County, Tennessee for shoplifting and possession of methamphetamine.

    d) The defendant had previously engaged in commercial sex acts with J.J.

    e) The defendant, acting corruptly, solicited a commercial sex act with J.J. in exchange for dismissal of the charges pending against J.J in the Sessions Court of

2    Defendant's initials: ___

Case 2:21-cr-00036-JRG-CRW   Document 2   Filed 05/10/21   Page 2 of 8   PageID #: 5

Washington County, Tennessee, rather than paying J.J. for sex as the defendant had done previously.

f) The dismissal of the charges against J.J. was a thing of value involving $5,000 or more.

4. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

a) the right to be indicted by a grand jury;

b) the right to plead not guilty;

c) the right to a speedy and public trial by jury;

d) the right to assistance of counsel at trial;

e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

f) the right to confront and cross-examine witnesses against the defendant;

g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

h) the right not to testify and to have that choice not used against the defendant.

5. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum;

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

6. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree to recommend that the that the following provisions of the Federal Sentencing Guidelines apply to this case:

    a. For the purpose of U.S.S.G. § 2C1.1(a), the base offense level is 14;

    b. For the purpose of U.S.S.G. § 2C1.1(b)(1), the offense involved more than one bribe;

    c. For the purpose of U.S.S.G. § 2C1.1(b), that value of the benefit received in return for the bribe did not exceed $6,500; and

    d. Due to the defendant's serious medical condition set forth in the sealed Plea Agreement Supplement, the United States will not oppose a downward departure motion pursuant to U.S.S.G § 5H1.4 and, in the event that the motion is granted and results in a Sentencing Guidelines range in Zone B of the Sentencing Table, the United States will not oppose the imposition of a sentencing option set forth in U.S.S.G. § 5C1.1(c)(3) and (e).

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case; and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant

4    Defendant's initials: ___

cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful;

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court; and

c)  If requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)  The defendant will not file a direct appeal of the defendant's conviction or sentence.

b)  The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)  The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing

to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and the supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above- referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

7  Defendant's initials: ____

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

5-10-2021
Date

By: _____
Matthew T. Morris
Assistant United States Attorney

FOR THE DEFENDANT

5-4-2020
Date

_____
William E. McManus, Jr.
Defendant

5-4-2021
Date

_____
Gene Scott
Attorney for the Defendant

8

Defendant's initials: ___